

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00376-CV

JUAN CARRASCO,

                                                    Appellant

 v.

CITY OF BRYAN, TEXAS,

                                                    Appellee

From the 361st District Court
Brazos County, Texas
Trial Court No. 10-000692-CV-361

## MEMORANDUM OPINION

Juan Carrasco attempts to appeal from the trial court's order granting the City of Bryan's plea to the jurisdiction which was rendered on December 28, 2010. Carrasco's notice of appeal was due by January 27, 2011. *See* TEX. R. APP. P. 26.1. It was not filed until October 28, 2013.

By letter dated October 31, 2013, the Clerk of this Court notified Carrasco that the appeal was subject to dismissal because it appeared the notice of appeal was untimely. By the same letter, the Clerk also warned Carrasco that the Court would dismiss the

appeal unless, within 10 days from the date of the letter, a response was filed showing grounds for continuing the appeal. A response was filed on November 7, 2013 but it does not show grounds for continuing the appeal.

Carrasco argues in his response that Rule 60(b)(4) of the Federal Rules of Civil Procedure allows him to attack the trial court's judgment. The federal rules do not apply to Texas state courts of appeal. Further, Carrasco argues that certain Texas cases provide that a void judgment may be attacked at any time. These cases do not, however, provide for the untimely appeal of a void judgment.

This appeal is untimely, and we have no jurisdiction of an untimely appeal. This appeal is dismissed.[1]

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208; § 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of

---

[1] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by the Texas Supreme Court, a petition for review must be filed with the Texas Supreme Court clerk within 45 days after either the date the court of appeals' judgment was rendered or the date the last ruling on all timely motions for rehearing was made by the court of appeals. TEX. R. APP. P. 53.7(a).

the fees from the accounts receivable of the Court in no way eliminates or reduces the

fees owed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed November 21, 2013
[CV06]